# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 19-cv-2674-WJM-STV

J.G., A MINOR, through her father and Conservator, MARK GRIMES,

    Plaintiff,

v.

KIM BIMESTEFER, in her official capacity as Executive Director of the Colorado Department of Health Care Policy and Financing; and
CHRISTINE NIERENZ, in her official capacity as Administrative Law Judge II for the Colorado Office of Appeals of the Colorado Department of Health Care Policy and Financing,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This action arises out of Colorado Department of Health Care Policy and Financing's ("Department") decision to terminate Plaintiff J.G.'s ("Plaintiff") Medicaid benefits, and follows two state administrative court decisions. Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion to Dismiss is granted.

## I. BACKGROUND

Plaintiff is a minor child bringing the present action through her father and conservator, Mark Grimes. (ECF No. 30 ¶ 3.) In January 2007, when she was one year old, Plaintiff tragically suffered an adverse reaction to a measles-mumps-rubella-varicella vaccination, which left her with severe cognitive and developmental disabilities.

(*Id.* ¶¶ 16–17.) In 2009, she filed a claim in the Federal Court of Claims under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-15, *et seq*. ("Vaccine Act"), through her mother and then-conservator. (*Id.* ¶ 18.) While her Vaccine Act claim was pending, in 2009, Plaintiff applied for medical benefits through Medicaid, a joint federal-state program established by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq*. (*Id.* ¶ 20.) The Department is the state agency responsible for determining Medicaid eligibility and administering Medicaid benefits in Colorado. Colo. Rev. Stat. § 25.5 4-104(1). The Department approved Plaintiff's application for Medicaid benefits, and she began receiving long-term care services through Colorado's Children's Extensive Services program ("HCBS-CES"), a state program authorized under Medicaid. (ECF No. 30 ¶¶ 20–21.)

In January 2011, Plaintiff was awarded damages in her claim under the Vaccine Act. (*Id.* ¶ 27.) The award consisted of, in relevant part, a lump sum payment of $473,300 to form a reversionary trust for Plaintiff, which funds Plaintiff's therapy expenses and terminates in the year 2031, and an undisclosed lump sum payment for purchase of an annuity for Plaintiff during her life. (*Id.*) The periodic annuity payments are assigned to a disability trust, distinct from Plaintiff's reversionary trust. (*Id.* ¶ 33.)

In 2017, the Department notified Plaintiff that she was no longer eligible for Medicaid benefits. (*Id.* ¶ 37.) It stated that the proceeds of her trust and annuity placed her over the allowable income limit for Medicaid qualification. (ECF No. 30-3 at 1–2.) The Department further determined that Plaintiff owed it a sum of $72,235.66 to compensate it for services provided while she was ineligible. (*Id.* at 2.)

Plaintiff appealed the withdrawal of her Medicaid benefits to the State Office of Administrative Courts. (ECF No. 30 ¶ 38.) On December 14, 2018, the administrative law judge ("ALJ") determined that Plaintiff remained eligible for Medicaid benefits because her trust and annuity did not count as resources as against the income limit, and that Plaintiff did not owe the Department any further payment ("Initial Decision"). (*Id.*) The Department appealed to the Department's Office of Appeals ("Office of Appeals"). (*Id.* ¶ 39.)

On July 11, 2019, Administrative Law Judge Christine Nierenz of the Office of Appeals overturned the Initial Decision ("Final Agency Decision"). (*Id.*) She determined that the trust and annuity were countable resources which rendered Plaintiff ineligible for Medicaid benefits. (*Id.*) She further ordered Plaintiff to designate the Department as a remainder beneficiary of her annuity, and to pay the Department the $72,253.66, which she determined that the Department had overpaid. (*Id.*) Plaintiff was entitled to seek judicial review of the Final Agency Decision in state court, but opted to pursue this action instead. (*Id.* ¶ 40; *see also* Colo. Rev. Stat. § 24-4-106(4).)

Plaintiff filed her initial Complaint against Kim Bimestefer in her official capacity as Executive Director of the Department and Christine Nierenz in her official capacity as Administrative Law Judge II of the Department, on September 18, 2019. (ECF No. 1.) She filed her First Amended Complaint on March 20, 2020 ("Complaint"), bringing four claims pursuant to 42 U.S.C. § 1983, and one claim under state law. (ECF No. 30.) Claim I alleges that Defendants violated 42 U.S.C. §§ 1396a(a)(10)(A)(ii)(V) and (VI); Claim II alleges that Defendants violated 42 U.S.C. § 1396p(h)(1); Claim III alleges that

Defendants violated 42 U.S.C. § 1396p(e); and Claim V alleges that Defendants violated 42 U.S.C. § 1396a(r)(2)(A).  (*Id.* ¶¶ 41–98.)  Plaintiff seeks to enforce these provisions through Section 1983, contending that these violations infringed on her federally protected rights by resulting in the improper withdrawal of her Medicaid benefits.  (*Id.* ¶ 98.)  Claim IV is entitled "Equitable Estoppel and Waiver," and alleges that because the Department did not withdraw Plaintiff's Medicaid benefits until several years after learning of her Vaccine Act award, it should be barred from finding her ineligible for Medicaid benefits presently.  (*Id.* ¶¶ 84–91.)

Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") on April 22, 2020.  (ECF No. 36.)  Plaintiff filed a Response to the Motion to Dismiss on May 13, 2020.  (ECF No. 40.)  Defendants filed a Reply to Plaintiff's Response on June 10, 2020.  (ECF No. 44.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss

pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.").

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Defendants argue that Plaintiff's four federal claims are untenable due to claim preclusion, issue preclusion, and the lack of any enforceable rights under Section 1983. (ECF No. 36 at 2.) They further posit that Plaintiff's fourth claim, "Equitable Estoppel and Waiver," is not a cause of action. (*Id.*) Because Plaintiff concedes in her Response that Claim IV is not viable, this claim is dismissed without prejudice, and the Court considers only Claims I, II, III and V. (ECF No. 40 at 5 n.4.)

### A.   Claim Preclusion Applicability to Administrative Proceedings

Federal courts must give full faith and credit to decisions of state courts, which may include state administrative court decisions. *Terrones v. Allen*, 680 F. Supp. 1483, 1486 (D. Colo. 1988). A court will grant preclusive effect to an agency decision where an agency (1) acts in a judicial capacity; (2) resolves factual disputes before it; and (3) the parties had "an adequate opportunity to litigate" the issues. *Salguero v. City of*

5

*Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004). An agency acts in a judicial capacity when its decision "is likely to affect the rights and duties of specific individuals and is reached through the application of preexisting legal standards or policy considerations to present or past facts developed at a hearing . . . ." *Chellsen v. Pena*, 857 P.2d 472, 475 (Colo. App. 1992).

Here, Plaintiff's Complaint indicates that the ALJ and Office of Appeals applied federal law and state regulations to Plaintiff's case, and made determinations regarding her Medicaid eligibility. (ECF No. 30 ¶¶ 38–39.) Insofar as Plaintiff argues that the ALJ did not resolve factual disputes, this statement is misleading, because Plaintiff and the Department stipulated to the facts and filed cross-motions for summary judgment. (ECF No. 30-4 at 2.) Finally, Plaintiff had an adequate opportunity to litigate the present issues, namely, her eligibility for Medicaid based on the character of her trust and annuity. Not only did she have the opportunity, but several of her present arguments persuaded the ALJ to rule in her favor in the initial agency proceeding. (ECF No. 30 ¶ 38.) Accordingly, the Final Agency Decision is entitled to preclusive effect.

**B.     Preclusive Effect as to Plaintiff's Claims**

Federal courts apply the preclusion doctrines of the state where the agency sits. *Salguero*, 366 F.3d 1173. Accordingly, Colorado law applies. Under Colorado law, the doctrine of res judicata, or claim preclusion, applies when four elements are met:

> (1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the

proceedings were identical or in privity with one another.[1]

*Gale v. City & Cnty. of Denver*, — P.3d —, 2020 WL 989623, at *3 (Colo. Mar. 2, 2020).

First, the Final Agency Decision was a final judgment for preclusion purposes. *See Holnam, Inc. v. Indus. Claim Appeals Office*, 159 P.3d 795, 798 (Colo. App. 2006). Plaintiff was entitled to seek judicial review of the Final Agency Decision in state court within 35 days after its issuance. Colo. Rev. Stat. § 24-4-106(4). Because Plaintiff opted not to seek judicial review at that time, the Final Agency Decision remains the final judgment for the purposes of preclusion. *See Holnam, Inc.*, 159 P.3d at 798 (stating that an administrative law judge's decision was final because the plaintiff did not appeal it).

Second, the subject matter of the proceedings is the same, namely, whether Plaintiff is eligible for Medicaid coverage. *See Kadingo v. Johnson*, 304 F. Supp. 3d 1003, 1017 (D. Colo. 2017) (finding that subject matter was identical where the plaintiff challenged an administrative law judge's finding that she was ineligible for Medicaid).

Third, the parties are identical or in privity with one another. Plaintiff was party to the administrative proceedings, and Defendants are presently sued in their official capacities as officials of the Department. (ECF No. 30 ¶¶ 3–5.) As both Defendants are officers of the Department, the element of privity of parties is satisfied. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) (holding that officers of the same government entity are in privity for claim preclusion purposes).

---

[1] By comparison, the doctrine for res judicata in the Tenth Circuit requires proof that (1) the first suit proceeded to a final judgment on the merits; (2) the parties are identical or in privity; and (3) the suits are based on the same cause of action. *See Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1236 (10th Cir. 1992).

The key question therefore is whether Plaintiff's claims are identical. This element requires courts to determine "whether the claim at issue in the second proceeding is the same claim that was *(or could have been)* brought in the first proceeding." *Foster v. Plock*, 394 P.3d 1119, 1127 (Colo. 2017) (emphasis added). Colorado courts "disregard the form of the action and instead look at the actual injury underlying the first proceeding" using a transactional analysis to determine whether the claims "seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *Id.* (internal quotation marks omitted). The Court analyzes each claim in turn, concluding that claim preclusion bars each of Plaintiff's remaining four claims.

1. *Claim I*

Plaintiff's first claim for relief is that the Office of Appeals violated 42 U.S.C. §§ 1396a(a)(10)(A)(ii)(V) and (VI) by failing to evaluate the character of her assets under the standards governing Supplemental Security Income ("SSI") eligibility. (ECF No. 30 ¶¶ 42–55.) She alleges that the Office of Appeals improperly interpreted federal law and state regulations to determine that the trust was an asset counting against her Medicaid eligibility. (*Id.* ¶ 42.) She posits that the Office of Appeals thereby violated her federally protected rights under Section 1396a(a)(10)(A)(ii), enforceable through Section 1983. (*Id.* ¶¶ 52–54.) Specifically, Plaintiff seeks for the Court to "determine who is right under federal law, the ALJ or [the Office of Appeals]." (*Id.* ¶ 55.)

Both parties cite to a District of Colorado decision, *Kadingo v. Johnson*, 304 F. Supp. 3d 1003 (D. Colo. 2017), wherein the court addressed whether claim preclusion

8

barred claims by a plaintiff who had been denied Medicaid benefits. *Kadingo*, 304 F. Supp. 3d at 1017–19. In *Kadingo*, the court granted the defendants' motion to dismiss in part, finding that the plaintiff's claims were precluded insofar as they challenged the determinations of the administrative law judge. *Id.* at 1019. The court reasoned that the appropriate forum for such challenges was through further administrative proceedings. *Id.* at 1018. The plaintiff's facial challenges to particular agency regulations, policies or procedures, however, were allowed to proceed, as an administrative agency may not consider "the constitutionality or legality of its own organic acts." *Id.*

Unlike the plaintiff in *Kadingo*, Plaintiff does not allege that a regulation, policy, or procedure of the Department violates a federally protected right. Rather, in this claim, Plaintiff openly states that the Initial Decision interpreted the relevant law to reach her desired outcome. (ECF No. 30 ¶ 44.) She takes issue only with the interpretation and application of the law contained in the Final Agency Decision. (*Id*. ¶ 55.) Plaintiff should have raised this argument by seeking judicial review of the Final Agency Decision. *See Kadingo*, 304 F. Supp. 3d at 1018 (dismissing claims to the extent that the plaintiff challenged particular determinations made by the administrative law judge). Claim I is therefore identical to claims previously raised and is barred by claim preclusion. Accordingly, Claim I is dismissed with prejudice.

    2.    *Claim II*

In her second claim, Plaintiff alleges that the Office of Appeals violated 42 U.S.C. § 1396p(h)(1) by designating Plaintiff's reversionary trust as a countable resource.

(ECF No. 30 ¶¶ 57–67.)  Section 1396p(h)(1) lists certain resources which are categorized as countable or not countable for the purposes of determining income level for Medicaid eligibility.  42 U.S.C. § 1396p(h)(1).  Plaintiff alleges that the Office of Appeals improperly failed to apply this provision.  (ECF No. 30 ¶ 57.)  Plaintiff adds that her rationale against counting the trust as an asset is "more fully set forth in the opinion of the ALJ in the Initial Decision," which she incorporates by reference.  (*Id.* ¶ 67.)

The basis of Plaintiff's second claim is that the Office of Appeals "erroneously misunderst[ood]" aspects of the proceedings that resulted in her Vaccine Act settlement.  (*Id.* ¶ 60.)  As in her first claim, she does not challenge a regulation, policy, or procedure as violating her federally protected rights, but rather attacks only the legal reasoning of the Office of Appeals in her particular case.  (*Id.* ¶¶ 57–65.)  Again, Plaintiff's allegation of an agency's failure "to appropriately interpret or apply otherwise valid regulations to [her]" cannot constitute the basis of a Section 1983 claim.  *Kadingo*, 304 F. Supp. 3d at 1018.  Plaintiff's second claim is therefore identical to her prior claims and is barred by claim preclusion.  Claim II is also dismissed with prejudice.

   3.   *Claim III*

In her third claim, Plaintiff alleges that Office of Appeals violated 42 U.S.C. § 1396p(e) by designating her annuity as countable income which rendered her ineligible for Medicaid benefits.  (ECF No. 30 ¶¶ 68–83.)  She contends that this section provides that disability trusts are exempted from countable income, and that because her annuity proceeds are placed into a disability trust, the annuity is similarly exempt.  (*Id.* ¶ 79.)  Plaintiff states that "neither the Initial Decision nor the Final Agency Decision

is correct under federal law." (*Id.* ¶ 75.)  She requests that the Court declare that the annuity is an asset assigned to the disability trust and therefore is not countable. (*Id.* ¶ 83.)

As in her prior two claims, Plaintiff asks the Court to review the analysis of the Office of Appeals.  Again, attacks on an agency's application or interpretation of valid law or regulations are subject to preclusion because the proper forum for challenging such determinations is through administrative proceedings.  See *Kadingo*, 304 F. Supp. 3d at 1018 (allowing claims to proceed which challenge regulations and policies promulgated and applied by an agency, but not which challenge an administrative law judge's interpretation or application of valid law).  Plaintiff does not allege that a particular regulation, policy, or procedure violates her federally protected rights, but argues that the administrative law judges misinterpreted the law.  (ECF No. 30 ¶ 75.) Because Plaintiff merely reiterates a claim and theory rejected by the Office of Appeals, claim preclusion bars Claim III.  Claim III is therefore also dismissed with prejudice.

    4.    *Claim V*

Plaintiff's fifth claim alleges that the Office of Appeals violated 42 U.S.C. § 1396a(r)(2)(A), which provides that the Department must count income for the purposes of administering HCBS-CES services no more restrictively than it would for SSI eligibility.  (ECF No. 30 ¶¶ 92–98; see also 42 U.S.C. § 1396a(r)(2)(A).)  She asks the Court to declare that the Office of Appeals violated this provision by evaluating her income "in a manner that is more restrictive than the SSI program." (ECF No. 30 ¶ 94.) Although she does not specify the ultimate effect of applying SSI standards, Plaintiff

appears to contend that under such standards, her assets would not render her ineligible for Medicaid benefits.  (*Id.* ¶¶ 93–98.)

Plaintiff litigated this issue in the administrative proceedings, and the Office of Appeals considered § 1396a(r)(2)(A) in its Final Agency Decision.  (ECF No. 30-5 at 7.)  It determined that the provision's language, which provides that a state may not determine an individual ineligible for Medicaid when she would be eligible for SSI, did not apply to Plaintiff because she had not been determined eligible for SSI.  (*Id.*)  The Office of Appeals therefore concluded that the SSI standards were inapplicable and the annuity was a countable resource.  (*Id.*)

Plaintiff explicitly states her belief that the Initial Decision was correct and the Final Agency Decision was incorrect under the applicable law.  (ECF No. 30 ¶¶ 95–96.)  Again, she challenges only the interpretation of the Office of Appeals in applying the law to her particular case.  (*Id.* ¶ 94–96.)  As stated, claim preclusion bars challenges to an agency's application and interpretation of otherwise valid laws and regulations.  *See Kadingo*, 304 F. Supp. 3d at 1019.  Claim V is identical to Plaintiff's prior claims and is therefore barred by claim preclusion.  Accordingly, it is also dismissed with prejudice.

Because the Court finds that Plaintiff's four federal claims are barred by claim preclusion, it does not reach the questions of issue preclusion, or whether the code sections Plaintiff cites create federal rights enforceable through Section 1983.

## Final Comment

This is a tragic case, given the life-long disabilities Plaintiff has suffered and will continue to endure solely on account of receiving a vaccine routinely prescribed by

medical providers to infants. This tragedy has been compounded, however, by Plaintiff's counsel's inexplicable failure to seek timely judicial review of the Final Agency Decision in state court within 35 days, as provided by Colorado law. While the result of such an appeal will now never be known with any certainty, the fact that the Agency initially agreed with Plaintiff's claims is some indication that those claims were not wholly without merit.

In the Court's view, it was incumbent on competent counsel to seek state court judicial review of the Final Agency Decision as provided for in the applicable state statute, instead of pursuing a long-shot Section 1983 action in federal court. The Court's Order today makes clear that collaterally attacking the Final Agency Decision in the manner asserted in this litigation was not a legally tenable course for counsel to take. Given this state of affairs, Plaintiff would be well advised to consult with independent counsel regarding the possible viability of a professional liability claim.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss (ECF No. 36) is GRANTED;

2. Plaintiff's Claims I, II, III and V are DISMISSED WITH PREJUDICE;

3. Plaintiff's Claim IV is DISMISSED WITHOUT PREJUDICE;

4. The parties shall bear their own costs and attorney's fees; and

5. The Clerk shall terminate this action.

Dated this 4th day of December, 2020.

BY THE COURT:

William J. Martinez
United States District Judge