**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-2674-WJM-STV

J.G., A MINOR, through her father and Conservator, MARK GRIMES,

    Plaintiff,

v.

KIM BIMESTEFER, in her official capacity as Executive Director of the Colorado Department of Health Care Policy and Financing; and
CHRISTINE NIERENZ, in her official capacity as Administrative Law Judge II for the Colorado Office of Appeals of the Colorado Department of Health Care Policy and Financing,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND MOTION FOR LEAVE TO AMEND COMPLAINT**

---

This matter is before the Court on Plaintiff J.G.'s Motion for Reconsideration (ECF No. 54) and Motion for Leave to File Second Amended Complaint ("Motion to Amend") (ECF No. 56). For the following reasons, both Motions are denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a minor child bringing the present action through her father and conservator, Mark Grimes. (ECF No. 30 ¶ 3.) In 2007, when she was an infant, Plaintiff suffered an adverse reaction to a vaccination, which left her with severe cognitive and developmental disabilities. (*Id.* ¶¶ 16–17.) In 2009, Plaintiff began receiving long-term care services through Colorado's Children's Extensive Services program ("HCBS-CES"), a state program authorized under Medicaid. (ECF No. 30 ¶¶ 20–21.)

In January 2011, Plaintiff was awarded a settlement pursuant to the Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-15, *et seq*. ("Vaccine Act").  (*Id.* ¶ 27.)  In 2017, the Colorado Department of Health Care Policy and Financing ("Department") notified Plaintiff that she was no longer eligible for her HCBS-CES benefits, as the Vaccine Act settlement placed her over the allowable income limit.  (*Id.* ¶ 37; ECF No. 30-3 at 1–2.)  Plaintiff challenged the decision in the State Office of Administrative Courts, and the administrative law judge determined that Plaintiff remained eligible for benefits ("Initial Decision").  (*Id.* ¶ 38.)  The Department's Office of Appeals overturned the Initial Decision, concluding that Plaintiff was ineligible for benefits ("Final Agency Decision").  (*Id.* ¶ 39.)

Plaintiff initiated this action challenging the denial of her Medicaid benefits. Plaintiff filed her initial Complaint against Kim Bimestefer in her official capacity as Executive Director of the Department and Christine Nierenz in her official capacity as Administrative Law Judge II of the Department, on September 18, 2019.  (ECF No. 1.) She filed her First Amended Complaint on March 20, 2020, bringing four claims pursuant to 42 U.S.C. § 1983, and one claim under state law.  (ECF No. 30.) Defendants filed their Motion to Dismiss the First Amended Complaint on April 22, 2020. (ECF No. 36.)

On December 4, 2020, the Court issued its Order Granting Defendants' Motion to Dismiss ("Order").  (ECF No. 51.)  The Court found that the administrative proceedings were entitled to preclusive effect because Plaintiff had a full and fair opportunity to litigate her current claims at the administrative level.  (*Id.* at 8–12.)  Further, the doctrine of claim preclusion barred Plaintiff's federal claims because she challenged the

2

administrative law judges' interpretation and application of federal law and Department regulations, rather than asserting a facial challenge to the Departments regulations or policies. (*Id.* at 8–12.) The Court therefore dismissed her federal claims with prejudice.[1] (*Id.* at 13.)

Plaintiff filed her Motion for Reconsideration and Motion to Amend on January 4, 2021. (ECF Nos. 54 & 56.) The Motions are fully briefed. (ECF Nos. 57, 58, 61, & 62.)

## II. LEGAL STANDARD

District courts have broad discretion to reconsider interlocutory rulings before the entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). Grounds for such reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

---

[1] Plaintiff conceded that her state law claim was not viable, and the Court therefore dismissed that claim without prejudice. (ECF No. 51 at 5.)

### III. ANALYSIS

**A.     Motion for Reconsideration**

Plaintiff asserts that the Court should grant her Motion for Reconsideration because the Court's Order was clearly erroneous and resulted in manifest injustice. (ECF No. 61 at 3–4.)  She argues that the doctrine of claim preclusion does not bar her claims and therefore the Court should "enter an order reversing the Order Granting Defendants' Motion to Dismiss" and permit her to file a Second Amended Complaint. (ECF No. 54 at 2.)

First, Plaintiff argues that the administrative proceedings are not entitled to preclusive effect because she lacked a full and fair opportunity to present her arguments at the administrative level.  (*Id.* at 4–6.)  Specifically, she contends that the Department regulations prohibited the Office of Appeals from considering the constitutionality or legality of the regulations.  (*Id.* at 4–5.)

In its Order, the Court rejected this argument, finding that "[n]ot only did [Plaintiff] have the opportunity, but several of her present arguments persuaded the ALJ to rule in her favor in the initial agency proceeding."  (ECF No. 51 at 6.)  Plaintiff's ability to adequately litigate the relevant issues in the administrative proceedings is underscored by the way she repeatedly states in her Amended Complaint that the ALJ made the correct decision and urges the Court to hold the same.  (ECF No. 30 ¶¶ 55, 67, 95.) The Court finds no reason to deviate from its prior conclusion that Plaintiff had the opportunity to litigate the issues of federal law at the administrative level.

Second, Plaintiff argues that her claims are not identical to those in the

administrative proceedings for claim preclusion purposes.[2]  (ECF No. 54 at 3.)

Relying on *Kadingo v. Johnson*, 304 F. Supp. 3d 1003 (D. Colo. 2017), the Court concluded that Plaintiff's claims in this action are barred by claim preclusion.  (ECF No. 51 at 9–12.)  The *Kadingo* court dismissed the plaintiff's claims as barred by claim preclusion to the extent that they challenged the interpretation or application of valid laws and regulations, and only allowed the claims to proceed to the extent that they asserted facial challenges to laws and regulations.  *See Kadingo*, 304 F. Supp. 3d at 1026–27.

Notably, Plaintiff does not assert that the Court's application of *Kadingo* was incorrect.  Rather, she states that the instant action "is identical to *Kadingo*."  (ECF No. 54 at 4.)  She posits that she *intended* to assert facial challenges to three Department regulations as violating her federally protected rights.  (*Id.* at 6.)  Plaintiff did not assert such challenges in her Amended Complaint, however.  (*See generally* ECF No. 30.)  She focused her claims on the proposition that the Office of Appeals incorrectly applied or interpreted otherwise valid laws and regulations.  (ECF No. 30 ¶¶ 42–83, 92–98.)  Tellingly, Plaintiff does not cite any specific paragraphs from her Amended Complaint where she asserted a facial challenge to Department regulations or policies, nor did the Court discern any in its review of the Amended Complaint.

As the Court noted in its Order, claim preclusion bars claims based on the argument that a state agency improperly applied or interpreted valid laws and

---

[2] Under Colorado law, claim preclusion applies where: "(1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another." *Gale v. City & Cnty. of Denver*, — P.3d —, 2020 WL 989623, at *3 (Colo. Mar. 2, 2020).

5

regulations.  (ECF No. 51 at 8–12; *see also Kadingo*, 304 F. Supp. 3d at 1026–27.)  If Plaintiff had genuinely intended to assert facial challenges to Department regulations in her Amended Complaint, she did not make that clear, which she appears to concede by proposing amendment to articulate her challenges to the regulations.  (*See* ECF No. 54 at 10.)  Significantly, Plaintiff also failed to raise this argument in her Response to Defendant's Motion to Dismiss.  (*See generally* ECF No. 40.)  Instead, she raises this theory for the first time in this post-judgment motion.

A motion for reconsideration is not the proper vehicle to raise arguments that a party had the opportunity to raise in earlier briefing.  *See Cheavens v. Pub. Serv. Corp. of Colorado*, 2016 WL 8469747, at *3 (D. Colo. Oct. 4, 2016) ("Motions under Rule 59(e) are not appropriate to . . . advance arguments that could have been raised in prior briefing." (internal quotation marks omitted)).  Plaintiff has failed to demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Instead, Plaintiff merely raises arguments that could have been—or in fact were—raised in prior briefing and rejected by the Court.  (*See generally* ECF No. 51.)  As Plaintiff has not demonstrated that the Court's prior Order was clearly erroneous, she has failed to meet her burden under Rule 59(e).  *See Servants of the Paraclete*, 204 F.3d at 1012.  Accordingly, Plaintiff's claims remain barred by claim preclusion, and the Motion for Reconsideration must be denied.[3]

---

[3] The Court also acknowledges Plaintiff's suggestion that the Court improperly imposed a requirement to seek judicial review of the Final Agency Decision in order to exhaust administrative remedies.  (ECF No. 54 at 7–8.)  As stated in the Court's Order, Plaintiff was not required to seek judicial review; the fact that she did not is only relevant because it renders the Final Agency Decision a final judgment for preclusion purposes.  (ECF No. 51 at 7.)

**B.    Motion to Amend**

As to Plaintiff's Motion to Amend, the Tenth Circuit "has repeatedly and unequivocally held that, '[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'"  *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)).  As the Court has not set aside or vacated the judgment, Plaintiff may not amend her Complaint.  *See Nero v. Am. Family Mut. Ins. Co.*, 2013 WL 5323147, at *9 (D. Colo. Sept. 23, 2013) (declining to consider sufficiency of proposed amended complaint because plaintiff was not entitled to relief under Rule 59(e) or 60(b)).  Plaintiff's Motion to Amend is therefore denied.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 54) is DENIED; and
2. Plaintiff's Motion to Amend (ECF No. 56) is DENIED.

Dated this 30th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge